ORIGINAL

DO OR DIE, INC.
Pascal Pakter
1495 Poinsettia Ave. Ste 146
Vista, CA 92081
Telephone: (760) 846-4899
Facsimile: (760) 230-5663
Email:pascal@YouCantTeachHeart.com

Attorneys for Plaintiff
**DO OR DIE, INC.**

FILED
FEB 3 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY MXN DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA SAN DIEGO DIVISION**

DO OR DIE, INC., a California corporation,

Plaintiff,

vs.

100% SPEEDLAB, LLC, a California limited liability company,

Defendant.

Civil Action No. 17CV0215 JLS MDD

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff, DO OR DIE, INC. (referred to as "DO OR DIE" along with its predecessors in interest and licensees), alleges as follows, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement, trademark dilution, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or California statutory and common law. DO OR DIE seeks equitable and monetary relief from Defendant's willful violations of DO OR DIE's trademark rights in its famous YOU CAN'T TEACH HEART incontestable trademark/brand slogan, which DO OR DIE has extensively used and promoted in various ways, across multiple product lines, services, campaigns, events, and materials. YOU CAN'T TEACH HEART is the main core component of DO OR DIE and reflected in every product and marketing program. It is the DNA that DO IR DIE is born from and derives its purpose. Defendant—a former mentor of DO OR DIE—has launched a major advertising campaign for its performance apparel, accessories, sporting goods, and related services that appropriates YOU CAN'T TEACH HEART prominently, repeatedly, and in a format and context that imitates DO OR DIE'S longstanding use of its iconic YOU CAN'T TEACH HEART incontestable trademark/brand slogan. Defendant has used DO OR DIE's incontestable trademark/brand slogan on apparel and in the promotion of it's brand and athletes, where it claims to be the registered trademark owner of YOU CAN'T TEACH HEART, that purposely creates confusion in the marketplace as to the true origin of DO OR DIE's incontestable trademark/brand slogan. The Defendant's founder and C.E.O., served as a mentor to DO OR DIE, under Bill Walton's SDSI organization, and was aware of DO OR DIE's registered trademark and extensive use on products and as it's core brand slogan. Defendant—a

competitor in the action sports space—has launched an advertising campaign for it's apparel, and sunglasses and related services that appropriates "YOU CAN'T TEACH HEART" prominently, repeatedly, and in a format and context that imitates DO OR DIE's longstanding use since it's inception of its iconic YOU CAN'T TEACH HEART trademark/ brand slogan for these types of products and services. Defendant's C.E.O., as a mentor of DO OR DIE, had encouraged the founder of DO OR DIE to utilize its YOU CAN'T TEACH HEART incontestable trademark/brand slogan extensively and remarked on several occasion to founder on the powerful and positive message the incontestable trademark/brand slogan reflected. The Defendant's C.E.O, asked DO OR DIE to co-sponsor a contracted athlete of DO OF DIE with the Defendant's brand logos positioned next to DO OR DIE's incontestable trademark/brand slogan, YOU CAN'T TEACH on athlete's uniform in a televised event. Defendant's use of YOU CAN'T TEACH HEART infringes DO OR DIE's long-established trademark rights, dilutes the distinctiveness of DO OR DIE's world famous mark, and constitutes unfair competition.

## THE PARTIES

1. Plaintiff DO OR DIE is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1495 Poinsettia Ave. Ste. 146, Vista, California.

2. Plaintiff DO OR DIE is informed and believes, and thereon alleges, that Defendant is a limited liability company organized and existing under the laws of the state of California and has a principal place of business in 205 16th St., San Diego, California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant

operates the website with address at www.ride100percent.com and conducts its business nationwide using the website.

4. DO OR DIE is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

## JURISDICTION AND VENUE

5. This is an action for (a) trademark infringement arising under 15 U.S.C. § 1114; (b) false designation of origin arising under 15 U.S.C. § 1125(a); (c) trademark dilution arising under 15 U.S.C. § 1125(c); (d) trademark infringement arising under the common law of the State of California; and (e) unfair competition arising under the common law of the State of California.

6. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116(a) and 1121(a) and 28 U.S.C. §§ 1331 and 1338 over the claims arising under the laws of the United States. This Court has supplemental jurisdiction over the remaining claims in this Complaint pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by regularly doing and soliciting business and deriving revenue from goods provided to individuals in this judicial district, including but not limited to selling infringing apparel directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts

form a substantial part of the events or omissions giving rise to DO OR DIE's claim.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)-(d), and 28 U.S.C. § 1400(b).

**DO OR DIE'S FAMOUS "YOU CAN'T TEACH HEART" INCONTESTABLE TRADEMARK/ BRAND SLOGAN**

9. DO OR DIE has been actively engaged in the manufacture and sale of performance training apparel and gear since at least 2009. DO OR DIE's products are sold worldwide and worn and used by athletes, triathletes and individuals with active lifestyles, among others.

10. Since its inception DO OR DIE has marketed and used its incontestable trademark/brand slogan, YOU CAN'T TEACH HEART, extensively on each product it manufacturers. There is not one product sold by DO OR DIE that does not use its incontestable trademark/brand slogan, YOU CAN'T TEACH HEART. YOU CAN'T TEACH HEART, has acquired the same great value as a specific identifier of DO OR DIE products and services as does, "JUST DO IT" does for Nike and "I WILL" for Under Armour. YOU CAN'T TEACH HEART encompasses the core DNA and foundation of DO OR DIE as its main identifier.

11. Additionally DO OR DIE promotes its products, services and incontestable trademark/brand slogan, YOU CAN'T TEACH HEART through virtually every available type of digital, broadcast, and print media, including but not limited to national, regional and local print publications.

12. DO OR DIE also promotes and markets it incontestable trademark/brand

slogan, YOU CAN'T TEACH HEART through popular and highly trafficked social-networking websites, including FACEBOOK, INSTAGRAM and TWITTER. It is strict company policy that YOU CAN'T TEACH HEART be clearly and boldly displayed on all social media platforms.

13. Since well before Defendant launched its "You Can't Teach Heart" campaign, DO OR DIE has continuously and extensively used and promoted the incontestable trademark/brand slogan YOU CAN'T TEACH HEART in connection with its business, products, and services in various ways. As a result, the YOU CAN'T TEACH HEART incontestable trademark/brand slogan has become famous as a succinct symbol of DO OR DIE'S brand values and philosophy. DO OR DIE's rights in the YOU CAN'T TEACH HEART mark date back to at least as early as 2009.

14. The YOU CANT'T TEACH HEART mark/brand slogan has been used on training apparel and t-shirts for professional athletes during broadcasted competitive sporting events. (Representative example shown below)



*Product Branding on Athletes During Broadcasted Sporting Event*

15. The YOU CAN'T TEACH incontestable trademark/brand slogan has been featured in connection with hundreds of products, by either appearing in product names and/or on products themselves; product packaging; product labels; or product stickers. The YOU CAN'T TEACH HEART mark has also appeared on cards, on and in retail stores and displays, and in advertising and other materials, such as banners, arena signage and displays, Internet banner ads, and the homepage of DO OR DIE's website at doordie.com (Representative examples shown below)




*Print Advertising & Large Format Posters*




*Product Branding*




*Superbowl Marketing Campaign Banner*




*Product Branding*



*Product Branding Labeling*




*Product Branding*




*Product Branding*






*Product Branding*










*Product Branding*




*Product Packaging*




*Product Branding*




*Product Packaging*




*Challenged Athlete Foundation Bag*




*Shipping & Packing Boxes*



*Interior Branding Label for Bags*




*Branded Stickers Included with All Product*




*Branded Pillows*




Head Corporate Office Lobby Signage

#YCTH6771-SIDE-BUYER CODE




Branded Coffee Mug




Branded Sunglasses

16. DO OR DIE's YOU CAN'T TEACH HEART foundation has supported underprivileged youth living in abject poverty which has had a direct and profound effect on their lives. From boxing clubs located in the poorest innercities of America to handicapped kids living in the streets of Brazil, the YOU CAN'T TEACH foundation continues to grow this program around the world as represented below.




*YOU CAN'T TEACH HEART Foundation – Inner City Athletic Youth Leagues*

17. The YOU CAN'T TEACH incontestable trademark/brand slogan has also been used by the U.S. Navy Seals and U.S. Special Operations who have specifically requested custom made training shirts featuring YOU CAN'T TEACH. Additionally, Sgt. Dakota Meyers, the recipient of the highest military award, The Medal of Honor, in partnership with DO OR DIE, raised funds for re-educating U.S. Marines returning to civilian life through its YOU CAN'T TEACH HEART program.




*Special Ops Marsoc – Based in Virginia – YOU CAN'T TEACH HEART shirts worn on all missions*




*YOU CAN'TEACH HEART Foundation in partnership with Medal of Honor recipient Sgt. Dakota Meyers*

18. DO OR DIE has also featured the YOU CAN'T TEACH HEART incontestable trademark/brand slogan in sponsoring the UFC and other professional competitive sporting events. Additionally, DO OR DIE's YOU CAN'T TEACH HEART foundation is an official sponsor of the Challenged Athlete Foundation where substantial funds are raised to support athletes from around the world.




*UFC Magazine marketing program – Print Ad*




*UFC Pre-Event Fan Meet & Greet*







*Partnership with CHALLENGED ATHLETE FOUNDATION — Sponsorship of Triathlon race in La Jolla, Ca.*

19. DO OR DIE has spent substantial resources in connection with its various YOU CAN'T TEACH HEART campaigns, which have received third-party press attention, and which have been seen by millions of consumers nationwide, accounting for millions of impressions.

20. As illustrated by these representative examples shown above, the YOU CAN'T TEACH HEART incontestable trademark/brand slogan defines the absolute essence and DNA of the brand's core identity.

21. Through repeated and extensive use standing on its own and in connection with the brand's goods and services, the YOU CAN'T TEACH HEART incontestable trademark/brand slogan has become famous as a succinct symbol of the brand's values and philosophy.

**DO OR DIE'S TRADEMARK FILINGS FOR ITS YOU CAN'T TEACH HEART MARK**

22. In addition to its common-law rights, DO OR DIE owns the following valid and subsisting U.S. trademark registration and applications for the YOU CAN'T TEACH HEART mark:

| Mark | Reg./App. No. | Reg./Filing Date | Products/Services |
|---|---|---|---|
| YOU CAN'T TEACH HEART | 3,916,038 | 02/08/11 (Registered; incontestable) | Clothing apparel, namely shirts in Class 25 |
| YOU CAN'T TEACH HEART | 4,898,105 | 02/09/16 (Registered) | Printed matter, namely greeting cards, brochures, books, labels, adhesive backed stickers and kits comprised solely of one of more of the foregoing materials in the field of athletic competition and inspirational life lesson and life coaching in Class 16 |
| YCTH | 4,874,128 | 12/22/15 (Registered) | Athletic tops and bottoms for cross-training in Class 25 |
| YOU CAN'T TEACH HEART | 87304535 | 01/17/17 (Filed) | Decorative boxes made of wood; Pillows; Wooden signboards in Class 20 |
| YOU CAN'T TEACH HEART | 87313837 | 01/25/17 (Filed) | Sports bottles sold empty, Coffee Mugs in Class 21 |

**DEFENDANT AND ITS WRONGFUL ACTS**

23. Beginning in 2009, the C.E.O. and Founder of the Defendant served as a board member of San Diego based organization called San Diego Sports Innovators, (SDSI). The main function of SDSI is to mentor young start-up companies focused in sport and active lifestyles. In 2009 DO OR DIE was selected and admitted into SDSI's Springboard mentoring Program.




*San Diego Business Journal 2009 – Front Page article featuring brands accepted into mentoring program*

24. C.E.O. and founder of DO OR DIE was introduced to the C.E.O. of Defendant, who served as a mentor and offered support on organization, branding and marketing of DO OR DIE. Additionally, C.E.O. of the Defendant specifically stated admiration for the trademark/brand slogan, YOU CAN'T TEACH HEART.

25. In 2012, Defendant and DO OR DIE co-sponsored athlete upon which Defendant's brand logo was placed directly on DO OR DIE branded shorts which boldly displayed the incontestable trademark/brand slogan, YOU CAN'T TEACH HEART.




*Televised Jiu Jitsu competition featuring athlete co-sponsored by Defendant and DO OR DIE*

26. In 2015, without permission or consent from DO OR DIE, Defendant launched a major marketing campaign misappropriating DO OR DIE's incontestable trademark/brand slogan, YOU CAN'T TEACH HEART in connection with magazine advertisements, posters, catalogs, apparel, social media and athlete sponsorships.

27. Defendant has used in commerce, without DO OR DIE's permission, t-shirts bolding and clearly featuring DO OR DIE's incontestable trademark/brand, YOU CAN'T TEACH HEART as shown in the following images:




*Shirts boldly featuring YOU CAN'T TEACH HEART marketed by Defendant*

28. Defendant made focused effort to heavily promote t-shirt boldly featuring DO OR DIE's incontestable trademark/brand slogan, YOU CAN'T TEACH HEART by showcasing it on model for introduction of all of t-shirt styles in its printed sales catalogues as well as its online website




*Defendant's Sale's Catalog highlighting shirts featuring YOU CAN'T TEACH HEART*



*Defendant's website introduction highlighting shirts featuring YOU CAN'T TEACH HEART*

29. Additionally, Defendant willfully created false designation of origin by boldly and falsely claiming itself as the true registered trademark owner of YOU CAN'T TEACH HEART.



*Defendant's Shirt Falsely and Confusingly Claiming Ownership of Registered Trademark*




*Defendant's Shirt Falsely and Confusingly Claiming Ownership of Registered Trademark*

30. Defendant's ride100percent.com homepage, Instagram page, and Twitter page willfully created false designation of origin with repeated bold use of DO OR DIE's incontestable trademark/brand slogan, YOU CAN'T TEACH HEART as shown in following images:







*Defendant's extremely heavy marketing of YOU CAN'T TEACH HEART on social media*




*Defendant's website, ride100percent.com featuring their main athlete on large posters*

31. Defendant willfully created false designation of origin by repeated bold usage of DO OR DIE's incontestable trademark/brand slogan, YOU CAN'T TEACH HEART in connection with its brand and athletes as show in following sales catalogs, posters and advertisements.




*Defendant's use of YOU CAN'T TEACH HEART featured in Magazine Advertisements & Poster*




*Defendant's use of YOU CAN'T TEACH HEART featured in main sales catalog*




*Defendant's use of YOU CAN'T TEACH HEART featured in Magazine Advertisements & Online*




*Defendant's use of YOU CAN'T TEACH HEART featured in Magazine Advertisements & Online*




*Defendant's use of YOU CAN'T TEACH HEART featured in Magazine Advertisements & Online*

32. Defendant launched its main campaign—anchored around the YOU CAN'T TEACH HEART incontestable trademark/brands slogan—with full knowledge of DO OR DIE's longstanding use of YOU CAN'T TEACH HEART.

33. Consumers have already associated Defendant's use of YOU CAN'T TEACH HEART with DO OR DIE.

## INJURY TO UNDER DO OR DIE AND THE PUBLIC

34. Defendant's unauthorized use of DO OR DIE's YOU CAN'T TEACH HEART incontestable trademark/brand slogan is likely to cause confusion, mistake, and deception as to the source or origin of Defendant and/or its products, and is likely to falsely suggest a sponsorship, connection, or association of Defendant, its products, its services, and/or its commercial activities with DO OR DIE.

35. Defendant's unauthorized use of DO OR DIE's incontestable trademark/brand slogan has damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure DO OR DIE and DO OR DIE's YOU CAN'T TEACH HEART incontestable trademark/brand slogan.

36. Defendant's unauthorized use of DO OR DIE's YOU CAN'T TEACH HEART incontestable trademark/brand slogan is likely to dilute the distinctiveness and value of DO OR DIE's famous YOU CAN'T TEACH HEART incontestable trademark/brand slogan.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under
### Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

37. DO OR DIE repeats and realleges each and every allegation set forth in Paragraphs 1 through 36 of this Complaint.

38. Without DO OR DIE's consent, Defendant used and continues to use in commerce, apparel, reproductions, copies and colorable imitations of DO OR DIE's registered YOU CAN'T TEACH HEART incontestable trademark/brand slogan in

connection with the offering, distribution, and/or advertising of goods and services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. DO OR DIE is informed and believes, and on that basis alleges, that Defendant had actual knowledge of DO OR DIE's ownership and prior use of the incontestable trademark/brand slogan, YOU CAN'T TEACH HEART and without the consent of DO OR DIE has willfully infringed the DO OR DIE's incontestable trademark/brand slogan, YOU CAN'T TEACH HEART in violation of 15 U.S.C. § 1114.

40. DO OR DIE is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of DO OR DIE's incontestable trademark/brand slogan, YOU CAN'T TEACH HEART in an amount that is not presently known to DO OR DIE. By reason of Defendant's actions, constituting unauthorized use of DO OR DIE's incontestable trademark/brand slogan, YOU CAN'T TEACH HEART, DO OR DIE has been damaged and is entitled to monetary relief in an amount to be determined at trial.

41. Due to Defendant's actions, constituting unauthorized use of DO OR DIE's incontestable trademark/brand slogan, YOU CAN'T TEACH HEART, DO OR DIE has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**Trademark Infringement, False Designation of Origin,
Passing Off, and Unfair Competition
Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

41. DO OR DIE repeats and realleges each and every allegation set forth in Paragraphs 1 through 41 of this Complaint.

42. Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products, its services, and/or its commercial activities by or with DO OR DIE, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

43. DO OR DIE is informed and believes, and on that basis alleges, that Defendant had knowledge of DO OR DIE's ownership and prior use of the incontestable trademark/brand slogan, YOU CAN'T TEACH HEART and without the consent of DO OR DIE, has willfully committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

44. DO OR DIE is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to DO OR DIE. By reason of Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, DO OR DIE has been

damaged and is entitled to monetary relief in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### Trademark Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

45. DO OR DIE repeats and realleges each and every allegation set forth in Paragraphs 1 though 44 of this Complaint.

46. DO OR DIE's YOU CAN'T TEACH HEART incontestable trademark/brand slogan is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before Defendant's first use of the YOU CAN'T TEACH HEART incontestable trademark/brand slogan, based on, among other things, the inherent distinctiveness and federal registration of DO OR DIE's YOU CAN'T TEACH HEART incontestable trademark/tagline and the extensive nationwide use, advertising, promotion, and recognition of that mark.

48. Defendant's actions, as described above, are likely to dilute the distinctive quality of DO OR DIE's famous YOU CAN'T TEACH HEART incontestable trademark/tagline by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as amended by the Trademark Dilution Revision Act of 2006.

49. DO OR DIE is informed and believes, and on that basis alleges, that Defendant's dilution has been willful and deliberate.

50. By reason of the aforesaid acts constituting trademark dilution, DO OR DIE has been damaged and is entitled to monetary relief in an amount to be determined at trial.

51. Due to Defendant's actions, constituting trademark dilution, DO OR DIE has suffered and continues to suffer great and irreparable injury, for which DO OR DIE has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

**(California Common Law Trademark Infringement)**

52. DO OR DIE repeats and realleges each and every allegation set forth in Paragraphs 1 through 51 of this Complaint.

53. Defendant's use, without the consent of DO OR DIE, of a reproduction and/or colorable imitation of DO OR DIE's YOU CAN'T TEACH HEART incontestable trademark/brand slogan in connection with the sale, offering for sale, and/or advertising of goods or services, is likely to cause confusion, or to deceive as to the origin of the goods or services, and thus constitutes trademark infringement under California common law.

54. Defendant's acts complained of herein constitute trademark infringement under California common law. Defendant's acts complained of herein are willful and deliberate and committed with knowledge that Defendant's unauthorized use of DO OR DIE's incontestable trademark/brand slogan, YOU CAN'T TEACH HEART causes a likelihood of confusion.

55. DO OR DIE is informed and believes, and thereon alleges, that Defendant has derived and received and will continue to derive and receive, gains, profits and advantages from Defendant's trademark infringement in an amount that is not presently known to DO OR DIE. By reason of Defendant's wrongful acts as alleged in this Complaint, DO OR DIE has been damaged and is entitled to monetary relief in an amount to be determined at trial.

55. Due to Defendant's trademark infringement, DO OR DIE has suffered and

continues to suffer great and irreparable injury for which DO OR DIE has no adequate remedy at law.

56. Defendant's willful acts of trademark infringement under California common law constitute fraud, oppression, and malice. Accordingly, DO OR DIE is entitled to exemplary damages.

## FIFTH CLAIM FOR RELIEF

### (California Unfair Competition)

57. DO OR DIE repeats and realleges each and every allegation set forth in Paragraphs 1 through 56 of this Complaint.

58. Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with DO OR DIE, or as to the origin, sponsorship, or approval of Defendant, its products, its services, and its commercial activities by or with DO OR DIE such that Defendant's acts constitute infringement of DO OR DIE's proprietary rights in its YOU CAN'T TEACH HEART mark, misappropriation of DO OR DIE'S goodwill in that mark, and unfair competition under California common law.

59. This is a claim for unfair competition, arising under California Business & Professions Code § 17200, et seq. and California common law.

60. Defendant's acts of trademark infringement, false designation of origin, and trademark dilution complained of herein constitute unfair competition with DO OR DIE under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200 et seq.

61. DO OR DIE is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's unfair competition in an amount that is not presently known to DO OR DIE. By reason of Defendant's wrongful acts as alleged in this Complaint, DO OR DIE has been damaged and is entitled to monetary relief in an amount to be determined at trial.

62. By its actions, Defendant has injured and violated the rights of DO OR DIE and has irreparably injured DO OR DIE, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, DO OR DIE respectfully demands a trial by jury on all issues properly triable by a jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, DO OR DIE respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A. An Order declaring that Defendant's use of YOU CAN'T TEACH HEART infringes and dilutes DO OR DIE's YOU CAN'T TEACH HEART mark, and constitutes unfair competition under federal and/or state law, as detailed above.

B. A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or

participation with any of them:

1. From using, registering, or seeking to register YOU CAN'T TEACH HEART or any other marks, logos, designs, designations, or indicators that are confusingly similar to or dilutive of DO OR DIE's YOU CAN'T TEACH HEART incontestable trademark/brand slogan in manners likely to cause confusion or dilution with DO OR DIE's YOU CAN'T TEACH HEART incontestable trademark/brand slogan, including but not limited to in connection with any other wording or designs;

2. From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with DO OR DIE or sponsored by or affiliated with DO OR DIE in any way; and

3. From manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or any confusingly similar marks.

4. From infringing or diluting the DO OR DIE Marks and/or any of DO OR DIE's other trademarks.

5. From falsely designating the origin of Defendant's goods.

6. From unfairly competing with DO OR DIE in any manner; or

7. From causing a likelihood of confusion or injuries to DO OR DIE's business reputation .

8. From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs

B(1)-(7) above.

C. An Order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear the incontestable trademark/brand slogan YOU CAN'T TEACH HEART or any other marks, logos, designs, designations, or indicators that are confusingly similar to or dilutive of DO OR DIE's YOU CAN'T TEACH HEART incontestable trademark/brand slogan in accordance with 15 U.S.C. § 1118 and other applicable laws, including but not limited to California common law.

D. An Order requiring Defendant to disseminate pre-approved corrective advertising and send pre-approved letters to all customers, agents and representatives to address the likely confusion and dilution caused from it use of DO OR DIE's YOU CAN'T TEACH HEART incontestable trademark/brand slogan.

E. An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on DO OR DIE's legal representatives a report in writing and under oath setting forth in detail the manner and form in which Defendant has compiled with the injunction pursuant to 15 U.S.C. § 1116.

F. An Order, that because of the exceptional nature of this case resulting from Defendant's deliberate and willful infringing actions, this Court award to DO OR DIE all reasonable attorney's fees, costs and disbursements incurred as a result of this action pursuant to 15 U.S.C. § 1117.

G. An Order requiring Defendant to account for and pay to DO OR DIE any

and all profits derived by its acts of willful trademark infringement, false designation of origin, trademark dilution and unfair competition complained of in this Complaint in accordance with 15 U.S.C. § 1117 and other applicable laws, including by not limited to California common law.

H. An Order that DO OR DIE be awarded damages for the Defendant's trademark infringement pursuant to 15 U.S.C. § 1117 in the form of Defendant's profits, damages sustained by DO OR DIE and the costs of the action, together with prejudgment and post-judgment interest;

I. An Order that Defendant's acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint be deemed willful, and that DO OR DIRE be entitled to enhanced damages.

J. An Order that Defendant be adjudged to have acted with willful intent to trade on DO OR DIE's reputation and to dilute the famous DO OR DIE mark in violation of 15 U.S.C. § 1125(c), et seq.

K. An Order that Defendant adjudged to have willfully and maliciously infringed DO OR DIE's incontestable trademark, YOU CAN'T TEACH HEART in violation of DO OR DIE's common law rights under California common law.

L. An Order that Defendant be adjudged to have violated California Business & Professional Code § 14247 by seeking in injure DO OR DIE's business reputation and to dilute the distinctive quality of DO OR DIE's incontestable trademark YOU CAN'T TEACH HEART

M. An Order that Defendant be adjudged to have competed unfairly with DO

OR DIE under the common law of the State of California.

N. An Order that Defendant be adjudged to have competed unfairly with DO OR DIE under California Business & Professional Code § 17200, and that Defendant's actions in doing so be adjudged willful and done knowingly.

O. An Order that accounting be made to determine Defendant's profits resulting from its infringement, unfair competition, dilution, and false designation of origin, and that DO OR DIE be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy, including:

1. all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled;

2. all damages sustained by DO OR DIE as a result of Defendant's acts of infringement, unfair competition, false designation of origin, and dilution, and that such damages be trebled; and

3. punitive damages stemming from Defendant's willful, intentional and malicious acts;

P. An Order that such damages and profits be trebled and awarded to DO OR DIE pursuant to 15 U.S.C. § 1117.

Q. An Order that DO OR DIE recover exemplary damages pursuant to California Civil Code § 3294.

R. An Order that DO OR DIE have and recover the costs of this civil action, including reasonable attorney's and representation's fees.

S. An award of pre-judgement and post-judgement interest and costs of this

action against Defendant; and

T. Such other and further relief as this Court may deem just and proper.

Dated: February 2, 2017

Respectfully submitted,

/s/ Pascal P. Pakter

Pascal P. Pakter
DO OR DIE, INC.
1495 Poinsettia Ave. Ste#146
Vista, CA
(760) 846-4899 (phone)
Email:
pascal@DOorDIE.com

Representative for Plaintiff
DO OR DIE, INC.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, DO OR DIE respectfully demands a trial by jury on all issues properly triable by a jury in this action.

Dated: February 2, 2017

Respectfully submitted,

/s/ Pascal P. Pakter

Pascal P. Pakter
DO OR DIE, INC.
1495 Poinsettia Ave. Ste#146
Vista, CA
(760) 846-4899 (phone)
Email:
pascal@DOorDIE.com

Representative for Plaintiff
DO OR DIE, INC.

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS088373
Cashier ID: sramirez
Transaction Date: 02/03/2017
Payer Name: Pascal

---

CIVIL FILING FEE
For: Pascal
Case/Party: D-CAS-3-17-CV-000215-001
Amount: $400.00

---

CREDIT CARD
Amt Tendered: $400.00

---

Total Due: $400.00
Total Tendered: $400.00
Change Amt: $0.00

There will be a fee of $53.00
charged for any returned check.